**WO**                                                                                                                        SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Edward Szabo, | ) | No. CV 10-2608-PHX-GMS (ECV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

Petitioner John Edward Szabo, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. Petitioner has also filed a motion asking the Court to grant a stay and abeyance of the Petition. (Doc. 3.) The Court will require an answer to the Petition and refer the motion to the Magistrate Judge for a report and recommendation.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted pursuant to a plea agreement in Pinal County Superior Court, case #CR200200889, of two counts of attempted sexual conduct with a minor under the age

**TERMPSREF**

of 15 and was sentenced to aggravated, consecutive terms of imprisonment totaling 30 years. Petitioner sought state post-conviction relief and was granted relief on one claim seeking resentencing. See State v. Szabo, No. 2 CA-CR2010-0030-PR, 2010 WL 1730158 at *1 (Ariz. App. Apr. 29, 2010). On December 22, 2005, the court modified Petitioner's sentence to make him eligible for release after serving one half of the sentence imposed and noted that Petitioner had 30 days in which to file a petition for review. Id. Petitioner did not file a petition for review within the 30 days. Id. However, Petitioner was subsequently granted leave to file a delayed petition for review as to the post-conviction court's ruling on December 22, 2005, but otherwise denied relief. Id. Petitioner's delayed petition for review was denied. Id.

In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief. In Ground One, he alleges that the trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments by allowing the prosecution to file an untimely notice of aggravating factors. In Ground Two, Petitioner alleges the trial court knowingly admitted false evidence of prior bad acts and character in violation of his Fifth, Sixth, and Fourteenth Amendment rights. In Ground Three, Petitioner alleges the prosecutor improperly highlighted Plaintiff's silence regarding the offenses in violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment rights. In Ground Four, Petitioner alleges this Fifth, Sixth, and Fourteenth Amendment rights were violated where his sentence was enhanced based on factors not proven beyond a reasonable doubt. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

### III.   Motion to Stay and Abey

As noted above, Petitioner has filed a motion to stay and abey. In the motion, Petitioner states that Ground Four is unexhausted through no fault of his own and he asks the Court to stay his exhausted claims while he seeks to exhaust the claim in state court. The Court will order briefing and refer the motion to the Magistrate Judge to address in a report

1 and recommendation.

2 **IV. Warnings**

3     **A. Address Changes**

4 Petitioner must file and serve a notice of a change of address in accordance with Rule
5 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
6 relief with a notice of change of address. Failure to comply may result in dismissal of this
7 action.

8     **B. Copies**

9 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
10 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
11 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
12 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
13 comply may result in the filing being stricken without further notice to Petitioner.

14     **C. Possible Dismissal**

15 If Petitioner fails to timely comply with every provision of this Order, including these
16 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
17 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
18 comply with any order of the Court).

19 **IT IS ORDERED:**

20 (1) Petitioner's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

21 (2) The Clerk of Court must serve a copy of the Petition (Doc. 1), the Motion for
22 Stay and Abeyance (Doc. 3), and this Order on the Respondent and the Attorney General of
23 the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254
24 Cases.

25 (3) Respondents must answer the Petition *and* respond to the Motion to Stay and
26 Abey within **40 days** of the date of service. Respondents must not file a dispositive motion
27 in place of an answer but may file an answer limited to relevant affirmative defenses,

28

**TERMPSREF**

1  including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the
2  answer is limited to affirmative defenses, only those portions of the record relevant to those
3  defenses need be attached to the answer. Failure to set forth an affirmative defense in an
4  answer may be treated as a waiver of the defense. <u>Day v. McDonough</u>, 126 S. Ct. 1675,
5  1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all
6  of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

7      (5) Petitioner may file a reply to the Answer and a separate reply to any Response
8  to the Motion to Stay and Abey within **30 days** from the date of service of the answer.

9      (6) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
10 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
11 recommendation.

12 DATED this 3rd day of January, 2011.

*[signature]*
G. Murray Snow
United States District Judge

TERMPSREF

- 4 -