IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Edward Szabo, | ) | No. CV 10-2608-PHX-GMS (ECV) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner John Edward Szabo. Doc. 1. Also pending are Petitioner's Motion for Stay and Abeyance of Petition, and a Motion for Expansion of the Record. Doc. 3, 10.

Pursuant to a plea agreement, Petitioner pled guilty in Pinal County Superior Court on May 4, 2004, to two counts of attempted sexual conduct with a minor, class three felonies and dangerous crimes against children under Arizona law. Doc. 9, Exh. A at 11-13. On November 22, 2004, following a jury trial on the issue of aggravating factors, Petitioner was sentenced to two consecutive aggravated terms of 15 years in prison, for a total of 30 years. Doc. 9, Exh. B at 21.

On December 3, 2004, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure.[1] Doc. 9, Exh. C. On September 12, 2005, Petitioner, through counsel, filed a Petition for Post Conviction Relief in which he raised eight claims for relief. Doc. 9, Exh. D. In a minute entry dated November 28, 2005, the trial court denied relief on all claims except one. Doc. 9, Exh. E. The court granted relief on Petitioner's claim that he was not sentenced in accordance with the laws in place at the time of the offenses. Id. As a result, a *nunc pro tunc* "Re-Sentencing" order was filed on December 22, 2005, in which the court ordered that Petitioner would not be eligible for release until he served at least half of the sentence imposed. Doc. 9, Exh. F. The previous sentencing order required Petitioner to serve 85% of the sentence imposed. Id. Also in the re-sentencing order, the court granted Petitioner 30 days to petition the Arizona Court of Appeals for review of the post-conviction relief decision. Id. On January 9, 2006, Petitioner filed a request that videotapes used against him at the aggravating factors trial be transcribed and that the deadline for a petition for review be extended to 30 days from the filing date of the transcript. Doc. 12, Exh. 1. On January 19, 2006, the trial court granted Petitioner's request, ordered the videotapes to be released to defense counsel to be transcribed, and extended the deadline for a petition for review to "30 days from the filing of the transcript." Doc. 12, Exh. 2. Petitioner's counsel filed a notice on April 21, 2006, in which he acknowledged receipt of the videotapes. Doc. 12, Exh. 3.

More than a year after the notice was filed, Petitioner learned that his attorney had left the Pinal County Public Defender's Office in March 2007, with no notice to Petitioner or the court. Doc. 12, Exh. 4, 11. Petitioner's subsequent requests to the Public Defender's Office regarding his representation and the status of the transcripts went unanswered until he finally received a letter on January 22, 2008, in which the Pinal County Public Defender wrote that representation on his case ceased when the petition for post-conviction relief was denied.

---

[1] The petition was actually filed in the state trial court on December 20, 2004, but under the prison mailbox rule the petition is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).

Doc. 12, Exh. 6, Doc. 9, Exh. G (attachment). Petitioner then sought relief in the trial court. The court issued an order on October 28, 2008, stating that Petitioner's counsel and Petitioner were dilatory in notifying the court about the failure to transcribe the videotapes and in seeking an additional extension for the petition for review. Doc. 12, Exh. 7. The court then appointed new counsel and authorized a new petition for post-conviction relief seeking a delayed right to file a petition for review. Id.

Petitioner, through new counsel, filed a Supplemental Petition for Post-Conviction Relief on October 8, 2009. Doc. 9, Exh. G. Petitioner first alleged ineffective assistance of counsel and requested permission to file a delayed petition for review regarding his previous petition for post-conviction relief. Id. Additionally, Petitioner raised a claim that an improper aggravating factor was allowed to go to the jury. Id. On December 9, 2009, the trial court found that Petitioner presented no colorable claim to warrant relief on the prior post conviction decision. Doc. 9, Exh. H. The court further found that the failure to file a timely petition for review was not Petitioner's fault and the court granted him the right to file a delayed petition for review by February 1, 2010. Id.

Through counsel, Petitioner filed a Petition for Review on February 1, 2010. Doc. 9, Exh. I. Petitioner raised four claims in the petition for review, all of which had been raised in the original petition for post-conviction relief. Id. In a Memorandum Decision filed on April 29, 2010, the Arizona Court of Appeals denied review. Doc. 9, Exh. J. In finding the petition for review untimely, the Court of Appeals explained:

> In his petition for review, Szabo does not address any issues ruled upon in the trial court's December 22, 2005, order. Rather, he asks this court to review the court's denial of relief on most of his claims in its November 28, 2005, order. But the trial court only granted Szabo leave to file a delayed petition for review of the December 22, 2005, ruling, not the ruling of November 28. Consequently, his petition for review of issues the court had ruled upon on November 28, 2005, is untimely and we deny review. *See* Ariz. R. Crim. P. 32.9(c) (petition for review shall be filed with appellate court no more than thirty days after final decision of trial court on petition for post-conviction relief).

Petitioner did not seek review in the Arizona Supreme Court. Doc. 1 at 5.

| 1 | On December 2, 2010, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Doc. 1. Petitioner alleges four grounds for relief. Petitioner alleges in ground one that the trial court violated his rights under the Fifth, Sixth and Fourteenth Amendments by allowing the prosecution to file an untimely notice of aggravating factors. In ground two, Petitioner alleges that the trial court knowingly admitted false prior bad act and character evidence during the aggravating factors trial, in violation of the Fifth, Sixth and Fourteenth Amendments. In ground three, Petitioner alleges that the prosecution improperly commented to the jury about Petitioner's silence during the trial, in violation of the Fifth, Sixth and Fourteenth Amendments. Lastly, in ground four, Petitioner alleges that his sentence was enhanced based on factors not proven beyond a reasonable doubt, in violation of the Fifth, Sixth and Fourteenth Amendments. On the same day he filed his habeas petition, Petitioner also filed a Motion for a Stay and Abeyance. Doc. 3. District Judge Snow screened the petition and directed Respondents to file an answer to the petition and response to the motion for a stay. Doc. 5. On February 14, 2011, Respondents filed an Answer to Petition for Writ of Habeas Corpus and Response to Request for Stay and Abeyance. Doc. 9. On March 16, 2011, Petitioner filed a Reply to Respondents' Answer to Motion for a Stay and Abeyance and a Reply to Respondents' Answer to Petition for Writ of Habeas Corpus. Doc. 11, 12.

Also on March 16, 2011, Petitioner filed a Motion for the Expansion of the Record. Doc. 10. No response to that motion has been filed.

## DISCUSSION

Respondents contend that the habeas petition should be dismissed because it was not filed within the statute of limitations period. Petitioner argues in his reply that sufficient time was tolled such that his petition was timely filed. The court finds that based on the information presented, the habeas petition was filed after the limitations period expired. The court will therefore recommend that it be denied on that basis. Because the court finds the petition is barred by the statute of limitations, it need not address Respondents' procedural default defense.

1  **A.    Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review

1 is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).

**B.     Application**

Petitioner was sentenced under the plea agreement on November 22, 2004. Petitioner filed a timely "of-right" petition for post-conviction relief on December 3, 2004.[2] On November 28, 2005, the trial court denied all but one claim in the petition for post-conviction relief. According to the Arizona Court of Appeals in their Memorandum Decision, Petitioner then had 30 days from that date to seek review, which he did not do. Although Petitioner eventually filed a petition for review on February 1, 2010, the Arizona Court of Appeals found it to be untimely. Accordingly, under 28 U.S.C. § 2241(d)(1)(A), Petitioner's conviction became final upon the expiration of the 30-day period to seek review, which was December 29, 2005. The limitations period therefore began to run the following day on December 30, 2005. It ran uninterrupted until it expired one year later on December 30, 2006. Petitioner did not file his habeas petition in this court until December 2, 2010, nearly four years after the limitations period expired. The habeas petition is therefore untimely.

Petitioner argues in his reply that the Arizona Court of Appeals got it wrong. He contends that the trial court's order granting him leave to file the untimely petition for review did not limit the issues he could raise and necessarily included permission to raise issues that were denied in the November 28, 2005, ruling, contrary to the Court of Appeals' interpretation of the order.

Whether the Court of Appeals' ruling was wrong is not for this court to decide. Federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine state court

---

[2] Because an "of-right" petition for post-conviction relief is a form of direct review under AEDPA's statute of limitations, the statutory tolling provision at § 2244(d)(2) is inapplicable to Petitioner's "of-right" petition. See Summers v. Schriro, 481 F.3d at 717 (applying direct review rules rather than collateral review tolling rules to calculate limitations period for an "of-right" petition for post-conviction relief).

determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts are without jurisdiction to review State court applications of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). Applying an Arizona procedural rule regarding the time to file a petition for review, the Court of Appeals concluded the petition for review was untimely. This court is without authority to decide otherwise.

Moreover, if Petitioner believed the Court of Appeals' decision was wrong, his remedy was to seek review in the Arizona Supreme Court. Any remaining confusion about the trial court's orders, and whether the Court of Appeals interpreted them correctly, could have been resolved by the Arizona Supreme Court. Petitioner failed to seek review in that court and thus is stuck with the Court of Appeals' decision as the final say on the state law timeliness issue.

**C.    Equitable Tolling**

The statute of limitations under AEDPA is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S, 408, 418 (2005). As a general rule, equitable tolling is not available in most cases and may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner claims in his reply that he is entitled to equitable tolling. Doc. 12 at 9-16. He argues that several factors support the application of equitable tolling here, including the trial court's order extending the time to file a petition for review until the transcripts were filed; the failures of his court-appointed counsel; the trial court's acknowledgment that the failure to file a timely petition for review was not his fault; and what Petitioner contends was an erroneous decision by the Court of Appeals. While these factors may have contributed to numerous misunderstandings and delays in the state court proceedings, none of them were so extraordinary as to prevent Petitioner from filing a timely habeas petition. Instead of

waiting for years to exhaust his state court remedies, Petitioner could have filed a timely "protective" habeas petition in federal court and asked that the matter be stayed and held in abeyance pending the exhaustion issue. <u>See</u> <u>Pace</u>, 544 U.S. at 416-17 (recommending that a prisoner file a "protective" habeas petition to avoid the predicament of finding out years too late that his habeas petition is time barred because of a state court procedural ruling). Based on the circumstances presented, the court simply cannot say that extraordinary circumstances stood in Petitioner's way and prevented him from timely filing a habeas petition in this court. The court therefore finds that equitable tolling is not applicable here.

**D. Motion for Stay and Abeyance**

In this motion, Petitioner asks that his claim in ground four be dismissed without prejudice so he can return to the state court to exhaust his remedies there. He further requests that his remaining claims be stayed and that his habeas petition be held in abeyance pending exhaustion of his state court remedies. Because the court has determined that Petitioner's habeas petition is barred by the statute of limitations, further exhaustion of remedies in the state court would be futile. The court will therefore recommend that the motion be denied.

**E. Motion for Expansion of the Record**

In this motion, Petitioner asks the court to order the production of a transcript of his December 21, 2005, re-sentencing hearing in Pinal County Superior Court. Petitioner claims that the Minute Entry of this hearing is an insufficient record and resulted in a misinterpretation of what occurred at that hearing by the Arizona Court of Appeals. As the court explained above, Petitioner's remedy to challenge the Court of Appeals' decision regarding the timeliness of his petition for review was to seek further review in the Arizona Supreme Court. This court must accept the Court of Appeals' decision on this issue. As a result, ordering the transcript to be produced would be futile. The court will therefore recommend that the motion be denied.

///

///

///

- 8 -

**F.     Conclusion**

For the foregoing reasons, the court finds that Petitioner's habeas petition is barred by the statute of limitations. The court will therefore recommend that the petition be dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED WITH PREJUDICE**; and

That Petitioner's Motion for a Stay and Abeyance (Doc. 3) and Motion for the Expansion of the Record (Doc. 10) be **DENIED**.

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

///
///
///
///
///

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed. R. Civ. P. 72.

DATED this 31st day of August, 2011.

*[signature]*
Edward C. Voss
United States Magistrate Judge